FILED'09 JAN 23 16:14 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY BRADLEY,

    Plaintiff,

v.

MAX WILLIAMS, et al.,

    Defendants.

ORDER

Civil No. 07-1870-HU

HAGGERTY, Chief Judge:

    Magistrate Judge Hubel referred to this court a Findings and Recommendation [43] in this matter. Judge Hubel recommends granting defendants' Motion to Dismiss [29] on the ground that plaintiff failed to exhaust administrative remedies. Plaintiff, acting *pro se*, filed timely objections to the Findings and Recommendation and defendants filed a timely response. For the following reasons, this court declines to adopt the Findings and Recommendation.

1 - ORDER

## STANDARDS

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## BACKGROUND

The Findings and Recommendation contains a factual summary outlining the history of this matter, and the facts will not be fully repeated here. Plaintiff is in the custody of the Oregon Department of Corrections (ODOC). Plaintiff claims that prison officials failed to protect him from the risk of serious harm while he was incarcerated at the Snake River Correctional Institution (SRCI).

Plaintiff alleges that he was assaulted by another prisoner on December 29, 2005, while using the Complex 3 (C3) billiards room at SCRI. Findings and Recommendation at 2. As a result of that assault, plaintiff lost a substantial portion of his left ear. Plaintiff alleges that this assault would not have occurred had the inmates been properly supervised in the billiards room. Plaintiff allegedly requested that he be housed elsewhere after his assault, yet was placed back in C3 upon his release from the infirmary. *Id.* On February 19, 2006, plaintiff was assaulted a second time by a different inmate in the C3 dining area. After this second incident, plaintiff was placed in a different complex of SCRI. *Id.*

On January 31, 2006, plaintiff filed a grievance, labeled 2006.02.001, complaining of the first assault and alleging that "this would not have happened had staff or security devices such as

2 - ORDER

cameras been present." He also complained that he was receiving unequal food in the infirmary and was being unfairly punished for his involvement in the altercation. In the grievance, he requested compensation for his injuries, increased security in the billiards room, and fair treatment for the duration of his stay in the infirmary. On February 16, 2006, Lt. R. Hults responded to the grievance and concluded that the ODOC was not responsible for the assault. Findings and Recommendation at 3. Plaintiff appealed his grievance on March 1, 2006. *Id.* On March 21, 2006, plaintiff received a response to the grievance appeal from defendant Jean Hill, Superintendent of SCRI. *Id.* at 4. On March 30, 2006, plaintiff filed a second appeal of his grievance. *Id.* at 5.

On March 27, 2006, plaintiff filed a separate grievance relating to SRCI's failure to transfer him to a different complex after the first assault. *Id.* at 6. This grievance was rejected as untimely under applicable rules. *Id.*

## DISCUSSION

The Findings and Recommendation found that plaintiff did not exhaust his administrative remedies and recommended granting defendants' Motion to Dismiss.

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In *Woodford v. NGO*, the Supreme Court held that exhaustion under the PLRA requires "proper exhaustion," which includes compliance with "deadlines and other critical procedural rules." 548 U.S. 81, 91 (2006). The prisoner in *Woodford* filed a grievance that was rejected by

3 - ORDER

prison officials because it was filed more than fifteen working days after the complained of action, in violation of applicable procedural rules. *Id.* at 87. The prisoner attempted to appeal this rejection without success and subsequently brought suit in federal court. *Id.* The Supreme Court held that the prisoner had failed to exhaust administrative remedies because he had not completed the administrative review process in accordance with the applicable procedural rules. Accordingly, his case was dismissed.

In this case, defendants contend that plaintiff failed to exhaust the grievance process because his grievances did not comply with Oregon's procedural rules. Oregon's Grievance Review System requires that a prisoner only grieve one matter or incident per inmate grievance form, that a prisoner only grieve one ODOC employee's actions per grievance form, and that the prisoner file the grievance form within thirty days of the incident giving rise to the grievance. OR ADC 291-109-0140.[1]

Defendants assert that plaintiff's second grievance was untimely. Plaintiff concedes that he did not exhaust his administrative remedies with respect to his second grievance. Pl's. Resp. to Defs.' Mot. to Dismiss ¶ 3. Plaintiff's claims related to this grievance are properly dismissed.

Defendants assert that plaintiff's first grievance was not exhausted either due to noncompliance with Oregon's Grievance Review System rules. Defendants claim that grievance 2006.02.001 grieved more than one issue and did not identify the individual against whom the grievance was brought.

While it is clear that plaintiff's grievance did not comply with the grievance system rules,

---

[1] The rule requiring that prisoner only grieve one ODOC employee's actions per grievance does not appear on Westlaw at OR ADC 291-109-0140. However, it is contained in an attachment to the affidavit of Teresa Hicks in a hard copy of the rules at 291-109-0140(1)(f). The applicability of that rule does not affect this court's analysis.

4  - ORDER

this court finds that defendants waived their right to reject plaintiff's grievance by responding to the defective grievance and to then responding to both appeals of the grievance..

Defendants argue that under *Woodford*, plaintiff did not properly exhaust administrative remedies and that his case must be dismissed. Defendant's reliance upon *Woodford* is misplaced. In *Woodford*, the prison officials rejected the prisoner's grievance upon receipt, much as defendants rejected plaintiff's second grievance. However, defendants accepted grievance 2006.02.001, and allowed plaintiff to pursue that grievance through the appeals process. Defendants should have notified plaintiff that his grievance was defective, thereby allowing him to correct it. Finding that plaintiff failed to exhaust administrative remedies would work an injustice and would open the grievance process to abuse by prison officials.

Defendants also contend that plaintiff's grievance is primarily concerned with the treatment he received while in the prison infirmary and that plaintiff failed to appropriately grieve the lack of supervision allegedly responsible for the first assault. Defendants are incorrect. The grievance clearly complains of inadequate security and supervision in the billiards room and requests both additional security in the billiards room and compensation for the injuries sustained in the assault. Plaintiff's claims relating to grievance 2006.02.001 will go forward on the merits.

/ / / /

/ / / /

/ / / /

5  - ORDER

**CONCLUSION**

For the foregoing reasons, the court declines to adopt the Findings and Recommendation [43]. Defendants' Motion to Dismiss [29] is denied. Plaintiff's claims will go forward on the merits with respect to grievance 2006.02.001. Plaintiff's claims related to the second grievance are dismissed.

IT IS SO ORDERED.

DATED this 23 day of January, 2009.

Ancer L. Haggerty
United States District Judge