IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
JEFFERY BRADLEY,              )
                              )    No.  CV 07-1870-HU
          Plaintiff,          )
                              )
     v.                       )    FINDINGS AND RECOMMENDATION
                              )
MAX WILLIAMS, et al.          )
                              )
          Defendants.         )
_____)
```

Jeffery Bradley
788 W Sixth Avenue
Eugene, Oregon 97402
    Pro se

John Kroger
Attorney General
Kristin A. Winges
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301
    Attorneys for defendants

HUBEL, Magistrate Judge:

    Plaintiff Jeffrey Bradley was an inmate of the Oregon Department of Corrections (ODOC) housed at Snake River Correctional Institution (SRCI) from November 8, 2005 through September 19,

FINDINGS AND RECOMMENDATION Page 1

2007. He was released from custody on January 31, 2008. The defendants are Oregon Department of Corrections (ODOC) supervisors Max Williams, Director of ODOC and Jean Hill, Superintendent of SRCI, and Ron Barras and Jason Rux, corrections officers at SRCI.

The matters before the court are plaintiff's motion for summary judgment (doc. # 52) and defendants' cross motion for summary judgment (doc. # 65). The motions are directed at Bradley's claim that defendants were deliberately indifferent to a substantial risk of harm with respect to an assault on Bradley by a fellow inmate on December 29, 2005.

## Factual Background

On December 29, 2005, Barras and Rux were assigned to the gym to monitor the inmates using the facilities. Barras Affidavit ¶ 9; Rux Affidavit ¶ 10. Their normal procedure is to move from area to area. Id. However, it is also "normal" for the officers to converse with one another throughout the day. Id. Bradley came up to officers Barras and Rux, who were talking to each other, to request medical assistance. Rux and Barras Affidavits ¶ 5. When the officers asked why, Bradley turned his head and showed them that part of his ear was missing. Id. Asked what had happened, Bradley "just raised his hands in the air." Rux Affidavit ¶ 5. Barras removed Bradley from the gym and called for medical attention. Barras Affidavit ¶ 6. Barras asked Bradley where the incident had taken place, and Bradley told him the billiards room. Id. Bradley was taken to medical services. Id. Rux began searching and found blood on the floor of the billiards room; Barras and others secured

FINDINGS AND RECOMMENDATION Page 2

the area as a crime scene. Barras Affidavit, ¶ 7; Rux Affidavit ¶ 7. Barras found the missing piece of Bradley's ear, and a nurse took it to the medical facility. Id. at ¶ 8. Bradley was subsequently taken to a hospital for further treatment. Affidavit of Bradley Cain, ¶ 9. The inmates in the gym were searched and returned to their housing units; the inmate involved in the altercation with Bradley was located. Rux Affidavit ¶ 9; Cain Affidavit ¶ 10.

Both Rux and Barras state that before the incident, they had no knowledge of a threat having been made against Bradley, or of a conflict between inmates at the time of the incident. The inmate who assaulted Bradley was not on Bradley's Conflict List at the time of the incident. Rux Affidavit ¶ 11; Barras Affidavit ¶ 10. Bradley does not dispute these statements. Plaintiff's Statement of Undisputed Facts ¶ 4.

### Standard

A party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). A genuine dispute arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." State of California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003). Where the record taken as a whole could not lead a rational trier of fact

FINDINGS AND RECOMMENDATION Page 3

to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## Discussion

Bradley asserts that Oregon law, Or. Rev. Stat. § 421.105(2), requires corrections officers to supervise inmate activity in a manner that allows them to intervene when inmate-on-inmate assaults occur. Further, he argues, the ODOC inmate conduct rules prohibit inmates from fighting, and inmates are punished for fighting or assault behaviors; thus, inmates are dependent on the intervention of security staff when assaults occur.

In his complaint, Bradley alleges that Rux and Barras, among others, were aware of a substantial risk of serious harm to inmates who were using the gym and the adjoining recreational areas, when the inmates were not adequately supervised. Complaint ¶ 22. Bradley alleges further that Rux and Barras were deliberately indifferent to the consequences of their conduct toward inmates at risk for assault. <u>Id.</u>

All parties move for summary judgment. Defendants' motion is based on three arguments: first, that Bradley has not shown that the defendants were deliberately indifferent to a risk that he would be harmed by another inmate; second, even if they were, the officers are entitled to qualified immunity; and third, that defendants Williams and Hill should be dismissed because Bradley has not alleged that they personally deprived him of his civil rights, and there is no liability under *respondeat superior* in a

FINDINGS AND RECOMMENDATION Page 4

civil rights claim.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). See also Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001). But not every injury suffered by one prisoner at the hands of another necessarily translates into constitutional liability for prison officials responsible for the victim's safety. Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment only when two requirements are met: first, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm; and second, the prison official must have a sufficiently culpable state of mind, i.e., deliberate indifference to inmate safety. Id.

The term "deliberate indifference" entails something more than mere negligence, and something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Id. at 835. It means that a prison official

> knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837. In the Farmer case, the Court rejected the argument that a "prison official who was unaware of a substantial risk of harm to an inmate may nevertheless be held liable under the Eighth Amendment if the risk was obvious and a reasonable prison official would have noticed it." Id. at 842. In other words, Farmer suggests

FINDINGS AND RECOMMENDATION Page 5

the official must recognize the substantial risk of serious harm he is disregarding, not just know the facts which give rise to the risk. But even when the official actually knows of a substantial risk, he may be found free from liability if he responds reasonably to the risk, even if the harm ultimately was not averted. Id. at 844.

I conclude that when the Farmer standard is applied to the facts of this case, no reasonable jury could conclude that Officers Barras and Rux were deliberately indifferent to Bradley's safety. Even if it were negligent for the two officers to be in the gym talking to each other at the time of the assault on Bradley, the Court has been clear that a claim for violation of the Eighth Amendment requires "more than ordinary lack of due care for the prisoner's ... safety." Id. at 835. I therefore recommend that Bradley's motion for summary judgment be denied.

As part of their summary judgment motion, defendants move to dismiss the claims against defendants Williams and Hill, on the ground that the only allegations against these defendants pertain to their management of SRCI, and not to any involvement in the events of December 29, 2005.

Section 1983 liability cannot be based on respondeat superior. Monell v. Dep't of Social Services, 436 U.S. 658, 692-94 (1978); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable based on his own participation in a deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for the constitutional violation of his subordinates if

FINDINGS AND RECOMMENDATION Page 6

the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). See also Jones v. Williams, 297 F.3d 930, 937 (9th Cir. 2002)[supervisor may be liable if he or she was personally involved in the constitutional deprivation, or a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation, citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)].

Bradley's allegations against Williams and Hill are that they did not: 1) hire enough corrections officers to supervise inmate activity; 2) train staff adequately; 3) report and document threats to inmates; 4) adequately investigate inmate assaults; and 5) discipline staff for misconduct. Complaint ¶ 21. Bradley has not alleged or shown that Williams and Hill were involved in or connected to the December 29, 2005 assault. Nor has Bradley alleged Williams or Hill knew of violations and failed to act to prevent "injury." In view of my recommendation that defendants' motion for summary judgment be granted, this motion is moot unless a district judge rejects that recommendation. In that event, these defendants should be dismissed on the basis of the respondeat superior issue as well.

I recommend that defendants' request for qualified immunity be denied as moot, unless a district judge rejects these recommendations.

/ / /

FINDINGS AND RECOMMENDATION Page 7

**Conclusion**

I recommend that plaintiff's motion for summary judgment (doc. # 52) be DENIED and that defendants' motion for summary judgment (doc. # 65) be GRANTED.

**Scheduling Order**

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 25, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due February 11, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this <u>6th</u> day of <u>January</u>, 2010.

/s/ Dennis J. Hubel

--------

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 8